UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LLOYD NELSON,<br><br>Petitioner,<br><br>v.<br><br>J. M. ROBERTSON,<br><br>Respondent. | Case No. 19-cv-08057-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket Nos. 1, 8 |

## I.    INTRODUCTION

William Lloyd Nelson, an inmate at Pelican Bay State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction for attempted murder of a peace officer. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In this order, the Court determines that Mr. Nelson's 375-page petition must be replaced by a much shorter amended petition that is limited to relevant details and alleges only violations of Mr. Nelson's federal constitutional rights.

## II.    BACKGROUND

Mr. Nelson was convicted in 2014 in Humboldt County Superior Court of attempted murder of a peace officer engaged in the performance of his duties and was found to have intentionally discharged a firearm during the course of the offense. On January 15, 2015, he was sentenced to life with the possibility of parole plus a consecutive 20-year term of imprisonment.

The crime was not a complicated or long-lasting one. The California Court of Appeal was able to describe in less than two pages the shootout at Mr. Nelson's house during which Mr.

Nelson shot a deputy (who avoided catastrophic injury because the bullet lodged in the body armor he was wearing under his uniform). *See People v. Nelson*, Case No. A144063, Cal. Ct. App. Opinion filed August 29, 2017, at 2-3. The case was not a "who-dunnit" sort of case – Mr. Nelson admittedly shot the deputy. *See, e.g,* Docket No. 1 at 77.

The trial apparently was not lengthy. That the trial lasted a matter of days rather than weeks can be inferred from the length of the transcript: the prosecution rested its case on page 589 of the reporter's transcript, the jury instructions were underway by page 733 of the reporter's transcript, and the trial court received a note from the deliberating jury on page 805 of the reporter's transcript.

### III. DISCUSSION

A. Review Of Petition

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition for writ of habeas corpus has several problems that make it necessary for Mr. Nelson to file an amended petition. The first problem is that the petition is unacceptably long and confusing for the claims alleged. Mr. Nelson's petition is 375 pages long and asserts seventeen claims for relief. Not only is petition exceedingly long, it overflows with cross-references, incorporations by reference, and a hodgepodge of uncommon acronyms. Approximately 1,600 pages of exhibits came with the petition; those exhibits are marked with a confusing non-consecutive alpha-numeric system.

The extreme length of the petition appears to be due, in part, to Mr. Nelson's

2

misunderstanding of the role of the federal habeas court, as he appears to think that he can relitigate his guilt here. But a federal habeas proceeding is not a second trial on guilt. Rather, the federal habeas court can only grant relief if the petitioner is in custody in violation of the "Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and focuses on whether the state court's adjudication of such claimed violations "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state court's factual determinations are presumed correct in this federal habeas action and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Merely positing an alternative version of the facts is not enough to overcome the presumption of correctness.

Another factor contributing to the excessive length of the petition is that Mr. Nelson spends an inordinate amount of pages describing his long history with local law enforcement agencies and the criminal justice system, many of which details appear to be irrelevant. For example, Mr. Nelson offers up his version of the facts in a 10-page "introduction," then in a 23-page "statement of the case concerning preincident factual background," and yet again in a 13 page "statement of the case concerning the underlying incident." Docket No. 1 at 25-79.[1] This introductory material describes his several run-ins and disagreements with law enforcement and the criminal justice system in Humboldt County over a period of several years, as well details such as Mr. Nelson's work history in 1996-97 (*id.* at 54), a home loan in 1998 (*id.* at 55), his girlfriend's false statements to police starting in 2013 (*id.* at 58-59). Much of the text is excessively detailed and unimportant to the legal issues that a federal habeas court can consider.

A habeas petitioner must "specify all the grounds for relief available to [him]" and "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United

---

[1] These sections provide good examples of Mr. Nelson's many odd abbreviations/acronyms. Mr. Nelson uses "PFB" as an abbreviation for the "statement of the case concerning preincident factual background" and "SUI" as an abbreviation for the "statement of the case concerning the underlying incident." Docket No. 1 at 40.

States District Courts; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity); *Wacht v. Cardwell*, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same). A primary purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253); *id.* at 655 (federal habeas petitions "expected to state facts that point to a real possibility of constitutional error"). Habeas actions are also governed by the Federal Rules of Civil Procedure to the extent those rules are not inconsistent with the habeas rules or any statute. Habeas Rule 12. Federal Rule of Civil Procedure 8(e) requires that each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

The petition from Mr. Nelson does not comply with Rule 8(e). There are not a simple, concise and direct averments, and instead the rambling factual allegations are intertwined with excessive detail, excessive cross-references, and odd abbreviations. Prolix, confusing petitions such as the one petitioner filed in this case impose unfair burdens on litigants and judges and fail to perform the essential functions of a petition.

Mr. Nelson must file an amended petition for writ of habeas corpus that provides simple, concise and direct allegations in support of each of his claims. He must assemble a straightforward narrative of his claims, eliminating irrelevant facts and opinions. And he should strive to avoid repeated introductions, avoid abbreviations/acronyms that are not well-known, and avoid excessive cross-references. Given the nature of the claims alleged in the petition, it appears that 80 pages would be more than enough to adequately allege the claims and supporting facts. Therefore, Mr. Nelson's amended petition may not exceed **80 pages** in length. The amended petition, like all filings, must be one-sided and have no more than 28 lines of text per page (regardless of whether typed or handwritten).

The second problem with the petition is that it fails to identify any particular federal constitutional right that has been violated. Federal habeas relief is not available for state law

4

errors. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted). It is the petitioner's obligation to identify the particular provision of the Constitution or laws or treaties of the United States that was violated, and to provide a coherent statement of supporting facts showing such a violation. In each claim in his amended petition, Mr. Nelson must identify each particular provision in the Constitution, laws or treaties of the United States that was violated. He also must allege coherent facts showing each such violation. Additionally, because of the limits of § 2254(e) mentioned above, he should cite to the U.S. Supreme Court holdings that provide clearly established federal law that supports relief for him.

The third problem concerns the first claim, in which Mr. Nelson claims that materials were "suppressed" from him. Mr. Nelson urges that the prosecutor "conspired with the defense counsel" to suppress many reports and documents. Docket No. 1 at 80. It appears that Mr. Nelson is attempting to make a *Brady* claim for suppression of evidence, but his efforts to extend the prosecution's duties under *Brady v. Maryland,* 373 U.S. 83 (1963), by putting defense counsel on the same side as the prosecution in the analysis is unavailing. He has not identified a single case, nor has the Court found one, where a court has determined (a) that defense counsel has an obligation under *Brady* to disclose materials to the defendant, or (b) that the prosecution has a duty under *Brady* to send to the defendant personally photocopies of the discovery materials that are turned over to defense counsel. The general rule is that service is to be made on defense *counsel* rather than on the defendant personally when a criminal defendant is represented by counsel. *See* Fed. R. Crim. P. 49(b) ("When these rules or a court order requires or permits service on a party represented by an attorney, service must be made on the attorney instead of the party, unless the court orders otherwise."); *cf. Magee v. Super. Ct.*, 34 Cal. App. 3d 201, 213 (Cal. Ct. App. 1973) (quoting *Board of Comm'rs v. Younger*, 29 Cal. 147, 149 (1865) ("'A party to an action may appear in his own proper person or by attorney, but he cannot do both. If he appears by attorney he must be heard through him, and it is indispensable to the decorum of the Court, and the due and orderly conduct of a cause that such attorney shall have the management and control of the action

5

and his acts go unquestioned by any one except the party whom he represents.'"). In sum, *Brady* and its progeny provide no basis for any claimed right of a criminal defendant to obtain directly from the government photocopies of the discovery that has been provided to the defense counsel.

The idea that there is a federal constitutional right to obtain photocopies of discovery from one's own attorney also is undermined by the fact that there are several specific statutory provisions prohibiting a criminal defendant from seeing some discovery. A provision in the California Penal Code specifically prohibits an attorney from disclosing to a criminal defendant certain information, such as the telephone number and address of victims and witnesses. *See* Cal. Penal Code § 1054.2; *see also id.* at § 1054.2(a)(3) (willful violation of the nondisclosure requirements is a misdemeanor); *id.* at § 1054.7 (disclosures otherwise required may be denied, restricted or deferred upon a showing of good cause, which "is limited to threats or possible danger to the safety of a victim or witness, possible loss or destruction of evidence, or possible compromise of other investigations by law enforcement"). And a federal statute prohibits the defendant (or defense counsel) from obtaining child pornography relevant to a prosecution, requiring instead that the material remain in the care, custody and control of either the government or the court. *See* 18 U.S.C. § 3509(m). For these reasons, Mr. Nelson has not demonstrated a clearly established federal constitutional right to photocopies of the discovery that has been provided to the defense in his criminal case.

The fourth problem is that Mr. Nelson repeatedly alleges that conspiracies existed (e.g., among judges, prosecutors, defense counsel, and law enforcement) without any factual support. Conclusory allegations of a conspiracy unsupported by material facts are insufficient to state a claim. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). "'A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.'" *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted). There must be a showing "that the conspiring parties reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *Id.* (internal citation and

6

quotation marks omitted). The petition's conspiracy allegations do not aid Mr. Nelson because they are mere conclusions unsupported by any facts.

B. Request For Delay

Mr. Nelson requested "leave to delay any required response" due to his expectation that he would be transferred to a new prison. Docket No. 8. Upon due consideration, the request is **GRANTED** in that the Court has taken the information into account in setting a very extended deadline for Mr. Nelson to file his amended petition.

The Court notes that even Mr. Nelson's request for a delay is unnecessarily long. His request is six pages long, when the relevant information could have been provided in about four or five sentences. (The relevant information is that he needs extra time because (1) he was told he would be transferred in about 60 days; (2) he has been separated from his legal paperwork that he needs for this case; and (3) he is having difficulty accessing the law library and legal assistance.) Because the Court has hundreds of pending cases at any given time, it expects that litigants will limit the arguments and facts in their filings to arguments and facts that are necessary to the issue the Court must decide.

## IV. CONCLUSION

The petition for writ of habeas corpus is **DISMISSED WITH LEAVE TO AMEND**. Mr. Nelson must file an amended petition curing the deficiencies identified in this order no later than **June 5, 2020**. The amended petition should have the case caption and case number on the first page and should be clearly marked "Amended Petition." Petitioner is cautioned that his amended petition must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve

///
///
///
///
///

7

them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended petition by the deadline will result in the dismissal of the action.

**IT IS SO ORDERED**.

Dated: March 16, 2020

_____
EDWARD M. CHEN
United States District Judge