1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM LLOYD NELSON,

           Petitioner,

     v.

J. M. ROBERTSON,

           Respondent.

Case No. 19-cv-08057-EMC

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR RECONSIDERATION, AND REQUIRING AN ELECTION FROM PETITIONER**

Docket No. 41

## I.     INTRODUCTION

William Lloyd Nelson filed this *pro se* action for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moved to dismiss for, *inter alia*, failure to exhaust all claims, Docket No. 25; Mr. Nelson filed a "traverse" which the Court construed as an opposition to Respondent's motion, Docket No. 30;[1] and Respondent filed a reply, Docket No. 34. The Court found that Mr. Nelson had filed a mixed petition of exhausted and unexhausted claims, granted in part and denied in part Respondent's dismissal motion, and ordered Mr. Nelson to elect how to proceed. Docket No 38.

Mr. Nelson filed a motion seeking reconsideration of the Court's order, arguing that he in fact exhausted all claims. Docket No. 41 ("motion for reconsideration" or "Recon Motion"). For the reasons given below, the Court **GRANTS in PART** and **DENIES in PART** Mr. Nelson's motion for reconsideration.

The Court suspects, but is not sure, that Mr. Nelson would like a *Rhines* stay.

---

[1] Mr. Nelson appears to believe that the Court struck or otherwise ignored his filing. *See* Recon Mot. at 31. The Court did not, instead merely correcting Mr. Nelson's terminology. If and when Respondent files an answer to the Petition, Mr. Nelson will have an opportunity to file a traverse.

United States District Court
Northern District of California

1    Accordingly, the Court will give Mr. Nelson an additional opportunity to state his preference

2    **clearly and unequivocally**.

3                              II.        **RELEVANT BACKGROUND**

4            Mr. Nelson was convicted of attempting to murder a police officer engaged in the

5    performance of that officer's duty, specifically the attempt to serve documents on Mr. Nelson in a

6    civil matter. *See People v. Nelson*, No. A144063, 2017 WL 3712440, at *1–2 (Cal. Ct. App. Aug.

7    29, 2017) (unpublished).  On direct review, the California Court of Appeal affirmed Mr. Nelson's

8    conviction. *See id.*  Mr. Nelson sought review in the California Supreme Court, which denied his

9    request. *See* Docket No. 25-2.  Mr. Nelson then collaterally attacked his conviction in state court.

10   His state habeas petitions were denied by Humboldt County Superior Court, Docket Nos. 25-3,

11   25-4;  the California Court of Appeal, Docket Nos. 25-5, 25-6; and the California Supreme Court,

12   Docket No. 25-9.

13           Mr. Nelson filed a federal habeas petition in this Court, *see* Docket No. 1, which was

14   dismissed with leave to amend, *see* Docket No. 9.  Petitioner filed an amended federal habeas

15   petition. *See* Docket No. 14 ("Amended Petition").  The Court reviewed the Amended Petition

16   pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United

17   States District Courts, and identified the following claims and subclaims:

18               (1) "The prosecution deliberately interfered with [Mr. Nelson's]
                 Sixth Amendment right to counsel by conspiring with appointed
19               defense counsel ('Greg') [a] to suppress the ballistics and forensic
                 expert investigation, [b] to suppress material evidence, [c] to coerce
20               [him] not to testify, and [d] to compromise his cross-examination to
                 reduce the prosecution's burden to prove its case beyond a
21               reasonable doubt to no burden at all,"  Docket No. 14 at 6; (2) the
                 prosecutor, "in concert with defense counsel, knowingly elicited
22               perjured and false testimony from State's witnesses" during the
                 preliminary hearing and trial, *id.* at 31; (3) "the prosecution team
23               knowingly planted physical evidence at the crime scene and
                 introduced it at" trial, *id.* at 37; (4) the prosecution failed to disclose
24               material impeachment evidence during trial; (5) the prosecution
                 "discarded or failed to preserve evidence they knew could be
25               expected to play a significant [role in the] defense," *id.* at 38; (6)
                 trial counsel provided ineffective assistance by failing to file a
26               timely motion to suppress the evidence obtained in violation of Mr.
                 Nelson's Fourth Amendment rights; (7) trial counsel's performance
27               "was so deficient that it amounted to a complete deprivation of
                 counsel" at the [a] closing argument, [b] sentencing, and [c] motion
28               for new trial stages, *id.* at 39; (8) Mr. Nelson was deprived of a

                                                2

1
2

meaningful opportunity to present a complete defense; (9) appellate
counsel provided ineffective assistance of counsel; and (10) Mr.
Nelson was deprived of a fair trial because the trial judge was
biased.

3      Docket No. 16 ("Screening Order") at 2-3.

4            Respondent moved to dismiss arguing, *inter alia*, that Mr. Nelson had failed to exhaust

5      certain claims.  Docket No. 25.  The Court found that Mr. Nelson had failed to exhaust Claims 1d,

6      2, 4 as to some evidence, 6, 7(c), and 8 as to some aspects of Mr. Nelson's defense.

7                         **III.      MOTION FOR RECONSIDERATION**

8            A motion for leave to file a motion for reconsideration may be filed prior to the entry of a

9      final judgment in the case.  Civ. L.R. 7-9(a).  "The moving party must specifically show

10     reasonable diligence in bringing the motion" and one of the following circumstances:

11           (1) That at the time of the motion for leave, a material difference in fact or law exists from

12              that which was presented to the Court before entry of the interlocutory order for which

13              reconsideration is sought.  The party also must show that in the exercise of reasonable

14              diligence the party applying for reconsideration did not know such fact or law at the

15              time of the interlocutory order; or

16           (2) The emergence of new material facts or a change of law occurring after the time of

17              such order; or

18           (3) A manifest failure by the Court to consider material facts or dispositive legal

19              arguments which were presented to the Court before such interlocutory order.

20     Civ. L.R. 7-9(b).  A motion for reconsideration may be denied even where brought by a pro se

21     habeas petitioner, if the litigant does not bear his burden.  *See Ybarra v. McDaniel*, 656 F.3d 984,

22     998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for

23     reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because

24     petitioner was aware of evidence almost one year prior to the district court's denial of the

25     petition).

26           Here, Mr. Nelson relies on Civil Local Rule 7-9(b)(3).  Specifically, he argues that he fully

27     exhausted Claims 1d, 2, 4, 6, 7(c), and 8.  *See generally*, Recon Mot.  Mr. Nelson thus must show a

28     "manifest" error by the Court.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    A.     <u>The Motion For Reconsideration Is Granted As To Claims 4(a), (b), (d)-(f), 6, and 8</u>

2         With the additional information provided in Mr. Nelson's motion for reconsideration, the

3 Court was able to discern that Mr. Nelson raised Claims 6, 8, and parts of Claim 4 to the

4 California Supreme Court, although these were raised as arguments supporting other grounds for

5 relief rather than as separate grounds for relief.

6         To exhaust, Mr. Nelson needed only to give the California Supreme Court a "full and fair

7 opportunity to resolve" these claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

8 Moreover, the Ninth Circuit repeatedly has instructed district courts to give liberal construction to

9 state-court habeas petitions filed by pro se petitioners. *See Peterson v. Lampert*, 319 F.3d 1153,

10 1159 (9th Cir. 2003) (suggesting pro se petitions should be read more liberally than counseled

11 petitions when evaluating whether a claim was exhausted); *Sanders v. Ryder*, 342 F.3d 991, 999

12 (9th Cir. 2003) ("*Peterson* makes clear that, for the purposes of exhaustion, pro se petitions are

13 held to a more lenient standard than counseled petitions."); *Kyzar v. Ryan*, 780 F.3d 940, 947 (9th

14 Cir. 2015) (same, citing *Peterson*, 319 F.3d at 1159, and *Sanders*, 342 F.3d at 999).  When given

15 the liberal construction due to pro se petitioners, it appears that Mr. Nelson made the California

16 Supreme Court aware of the constitutional issues presented by Claims 4(a), (b), (d)-(f), 6, and 8,

17 and gave that Court a sufficient opportunity to rectify those issues. *See, e.g., Lounsbury v.*

18 *Thompson*, 374 F.3d 785, 789 (9th Cir. 2004) (petitioner who limited final state habeas appeal to

19 procedural competency challenge made fair presentation to state courts of substantive competency

20 claim when:  (1) substantive competency claim closely related to, and concerned same trial court

21 ruling as, concededly raised procedural competency claim; (2) under state supreme court rules,

22 court could have reached claim because it was raised in court of appeals; (3) text of petition for

23 review included claim; and (4) state supreme court could have discussed substantive competency

24 claim, had it granted review, in course of discussing harmless error with regard to raised

25 procedural competency claim).

26         In Claim 4, Mr. Nelson contends that "the prosecution failed to disclose material

27 impeachment evidence during trial," Screening Order at 2, and specifically enumerated seven

28 categories of evidence that were not disclosed, *see* Am. Pet. at 36-37.  Mr. Nelson contends that

1    these seven sub-claims were raised in grounds 1, 5, 11, 14, 17, 24, 26 , and 37-39 of his petition to

2    California Supreme Court.  *See* Recon Mot. at 40-41.  The Court has reviewed the grounds

3    presented to the California Supreme Court and concludes that, with liberal construction, Mr.

4    Nelson sufficiently exhausted Claims 4(a), (b), and (d)-(f), but did not exhaust Claim 4(c).

5    • Claim 4(a) contends that the prosecution failed to disclose material impeachment

6    evidence demonstrating attempted extortion by the prosecution.  *See* Am. Pet. at

7    36.  Liberally construed, an argument to this effect was made in support of ground

8    36 of the state petition, *see* Docket No. 25-11 at 104 (arguing the prosecution

9    "knew or should have known" that a draft probation report was a "flagrant attempt

10    to extort money from petitioner"),[2] which otherwise argued that state officials

11    conspired against Mr. Nelson by fabricating a probation report, *see id*. at 102

12    (summarizing ground raised to California Supreme Court).

13    • Claim 4(b) contends that the prosecution failed to disclose material impeachment

14    evidence of "safety statements" by two police officers  Am. Pet. at 36.  Liberally

15    construed, an argument to this effect was made in support of ground 38, *see* Docket

16    No. 25-11 at 116 (arguing that the prosecution conspired with defense counsel to

17    suppress the fact that an officer "gave a safety statement"), which otherwise argued

18    that the prosecution "withheld and fabricated evidence," and specifically that the

19    prosecution "staged an interview," *id*. (summarizing ground raised to California

20    Supreme Court).

21    • Claim 4(c) contends that the prosecution failed to disclose material impeachment

22    evidence of letters, a deed, an escrow document, and bank records, which would

23    have showed the jury that Mr. Nelson had the legal right to be on his property.  *See*

24    Am. Pet. at 36.  In his motion for reconsideration, Mr. Nelson makes no attempt to

25    direct the Court to a location in the California Supreme Court petition where he

26

27    [2] The petition presented to the California Supreme Court bears at least three different page

28    numbering schemes.  For ease of reference, the Court refers to the page numbers applied by the ECF system.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

argued that the prosecution suppressed bank records, escrow documents, letters, or a deed. *See generally*, Recon Mot. The Court also did not see a claim raised to the California Supreme Court concerning Mr. Nelson's right to be on the property. *See generally*, Docket Nos. 25-9, 25-10, and 25-11. Even with liberal construction, Claim 4(c) is unexhausted.

- Claim 4(d) contends that the prosecution failed to disclose material impeachment evidence regarding the number of shots fired by police officers, bullet holes caused by those shots, and the locations of the shells after the officers' shots. Am. Pet. at 36. Liberally construed, an argument to this effect was made in support of ground 11, *see* Docket No. 25-10 at 147 (arguing the government failed to preserve evidence related to bullet holes and trajectories, and discarded shell casings), which otherwise argued the prosecution failed to collect and preserve evidence, *see id*. at 144 (summarizing ground raised to California Supreme Court); ground 14, *see id*. at 170 (arguing that photographs of bullet holes and "a slug" were suppressed), which otherwise argued Mr. Nelson was prevented from presenting a complete defense, *see id*. at 167 (summarizing ground raised to California Supreme Court); ground 17, *see id*. at 190 (arguing counsel lied about "the existence of [a] shell locations 'diagram'"), which otherwise argued that trial counsel was ineffective because counsel lied during *Marsden* hearings, *see id*. at 189 (summarizing ground raised to California Supreme Court); and ground 26, *see* Docket No 25-11 at 45 (arguing that defense counsel was ineffective for failing to retrieve "slugs" from Mr. Nelson's yard), which otherwise argued that "the perpetrators conspire[ed] under color of state law against petitioner to murder petitioner and plant evidence to cover up police misconduct," *id*. at 39 (summarizing ground raised to California Supreme Court).

- Claim 4(e) contends that the prosecution failed to disclose material impeachment evidence of audio recordings and transcripts of interviews. Am. Pet. at 37. Liberally construed, an argument to this effect was made in support of ground 1,

6

United States District Court
Northern District of California

1    *see* Docket No. 25-10 at 25 (arguing that interviews were not disclosed), which

2    otherwise argued that the Humboldt County Superior Court abused its discretion in

3    denying Mr. Nelson's habeas petition, *see id*. at 6 (summarizing ground raised to

4    California Supreme Court); and in ground 5, *see id*. at 105 (arguing that audio

5    recordings of interviews were suppressed as a result of collusion), which otherwise

6    argued that petitioner's Sixth Amendment rights were violated by his trial counsel's

7    collusion with the prosecution, *see id*. at 98 (summarizing ground raised to

8    California Supreme Court).

9    • Claim 4(f) contends that the prosecution failed to disclose material impeachment

10   evidence of conflicts between police reports. Am. Pet. at 37. Liberally construed,

11   an argument to this effect was made in support of ground 37, *see* Docket No 25-11

12   at 114-15 (arguing that an officer made inconsistent statements to other officers),

13   which otherwise argued that Mr. Nelson was deprived of effective assistance of

14   counsel, *see id*. at 110 (summarizing ground raised to California Supreme Court);

15   and ground 38, *see id*. at 116 (arguing the prosecution "staged an interview" to

16   obtain a more favorable police report), which otherwise argued that the prosecution

17   "withheld and fabricated evidence," *id*. (summarizing ground raised to California

18   Supreme Court).

19   Thus, the Court concludes that if the state petition is given liberal construction, Claims 4(a), (b),

20   and (d)-(f) are exhausted, but Claim 4(c) is unexhausted.

21   In Claim 6, Mr. Nelson contends that trial counsel was ineffective because trial counsel

22   failed to "file a timely suppression motion to suppress evidence obtained in violation of [Mr.

23   Nelson's] Fourth Amendment rights." Am. Pet. at 37. Mr. Nelson contends that the basis for

24   Claim 6 may be found in ground 13 of the petition to the California Supreme Court. Recon Mot.

25   at 24. In ground 13, Mr. Nelson argued, *inter alia*, that his trial counsel's "refusals to file a

26   motion to suppress the prosecution's fabricated evidence were likely the result of his collusion

27   with the prosecution." Docket No. 25-10 at 157. Although the more natural reading of ground 13

28   is that trial counsel violated Mr. Nelson's rights by colluding with the prosecution, Mr. Nelson is

1    correct that the underlying argument of this ground is the same as Claim 6: that trial counsel failed

2    to move to suppress evidence. *See id*. Liberally construing the state petition, the Court concludes

3    that Claim 6 was exhausted.

4           In Claim 8, Mr. Nelson contends that he "was deprived of any meaningful opportunity to

5    present a complete defense," because of "the misconduct of trial counsel and the prosecution."

6    Am. Pet. at 38. Mr. Nelson contends that Claim 8 was raised in ground 14 presented to the

7    California Supreme Court. *See* Recon Mot. at 28. Ground 14 did indeed argue that Mr. Nelson

8    was "denied 'a meaningful opportunity to present a complete defense,'" Docket No. 25-10 at 167,

9    although he attributed this deprivation specifically to collusion between his defense counsel and

10   the prosecution rather than to general misconduct, *see id*. at 168. Liberally construing the state

11   petition, the Court concludes that Claim 8 was exhausted.

12          Although the Court reconsiders its earlier ruling as to Claims 4(a), 4(b), 4(d)-(f), 6, and 8, the

13   Court notes that this reconsideration is done in the interests of justice, and not because Mr. Nelson has

14   fulfilled his obligations under Civil Local Rule 7-9(b)(3). *See* Fed. R. Civ. P. 54(b) ("any order . . .

15   that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or

16   parties and may be revised at any time before the entry of a judgment"); *see also School Dist. No.*

17   *1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that, inter alia, an order may be

18   reconsidered if "the initial decision was manifestly unjust"). In his opposition to Respondent's

19   dismissal motion, Mr. Nelson did not raise *any* arguments, or point to any place in the record, which

20   would have shown that these claims were exhausted. *See* Docket No. 30 at 11-12 (raising a general

21   argument about the purpose of exhaustion). He thus did not carry his burden to show that he had

22   exhausted state remedies. *See Darr v. Burford*, 339 U.S. 200, 218-19 (1950) ("petitioner has the

23   burden . . . of showing that other available remedies have been exhausted"), *overruled on other*

24   *grounds, Fay v. Noia*, 372 U.S. 391 (1963); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir.

25   1981) (affirming summary judgment for respondent because, although petitioner alleged he had

26   exhausted, "there is nothing in the record" to show it). Moreover, the verbose and disorganized

27   nature of the 700-page petition filed before the California Supreme Court impeded the Court's

28   attempt to discover, without petitioner's assistance, whether these claims had been raised in state

United States District Court
Northern District of California

8

1  court. *See, e.g.*, Recon Mot. at 40 (arguing that federal Claim 4 was raised in the California

2  Supreme Court petition at grounds 1, 4, 5, 11, 24, 26, or "are intertwined throughout" that

3  petition); *see also* Docket Nos. 25-9, 25-10, and 25-11 (700 pages filed with the California

4  Supreme Court, including hundreds of pages of handwritten argument,  interspersed with dozens

5  of pages of transcripts and prison disciplinary records, and several dessert recipes).

6          The Court would be fully justified were it to deny Mr. Nelson's motion for

7  reconsideration. *See Ybarra*, 656 F.3d at 998.  Nonetheless, the motion is **GRANTED IN PART**

8  in the interests of justice because Mr. Nelson is a pro se litigant pursuing his liberty.[3]

9          Considering the additional information provided by Mr. Nelson, giving the state petition

10  the liberal construction due a pro se filing, and in the interests of justice, the Court reconsiders its

11  earlier order and concludes that Claims 4(a), (b), (d)-(f), 6, and 8 are exhausted.

12  B.      The Motion For Reconsideration Is Denied As To Claims 1d, 2, 4(c), and 7(c)

13          The Court sees no reason to reconsider its prior conclusion that Mr. Nelson failed to exhaust

14  Claims 1d, 2, 4(c), and 7(c).  Even with the extra argument presented in the motion for

15  reconsideration, Mr. Nelson fails to show that these claims were exhausted.

16          Mr. Nelson argues that federal Claim 1d was exhausted by ground 12 in his petition to the

17  California Supreme Court.  *See* Recon Mot. at 45.  However, ground 12 argues:

18              Petitioner[']s incarceration is unlawful because he was deprived of
                his Fifth, Sixth, and Fourteenth Amendment rights under the United
19              States Constitution, and Article I Section 7 of the California
                Constitution, to due process resulting from being convicted, based
20              on an unreasonable determination of alleged evidence that was
                insufficient to support the essential elements of the alleged crime
21              beyond a reasonable doubt.

22  Docket No. 25-10 at 152.  The ground raised in state court thus does not argue that a cross-

23  examination was compromised as a result of a conspiracy between the prosecution and defense

24  counsel.  *See id.*; *see also* Screening Order at 2

25  _____

26  [3] Mr. Nelson would do well to remember this dispensation in future filings, before accusing the
    Court of "intentional delay/harassment tactics," Recon Mot. at 13; "conscientiously setting [Mr.
27  Nelson] up to fail," *id*. at 26; "team[ing] up with the AG," *id*. at 27; being "incompetent," *id*. at 28;
    inflicting the "unreasonable burden" of a "steady flow of B.S. from this" Court upon Mr. Nelson,
28  *id*. at 31; being "a psychopath rather than a fair-minded judge," *id*. at 32; being "misleading,"
    "deceptive," and "bias[ed]. *id*. at 37, 38, 41, 52; and "consciously distorting the truth," *id*. at 41.

United States District Court
Northern District of California

United States District Court
Northern District of California

1      Mr. Nelson argues that Claim 2 was exhausted by ground 29 in his petition to the

2      California Supreme Court.  *See* Recon Mot. at 39.  However, ground 29 argues:

3              Petitioner[']s incarceration is unlawful because he was deprived of
       his Fifth, Sixth, and Fourteenth Amendment rights under the United

4              States Constitution, and Article I, Sections 7, and 15 of the
       California Constitution, and P.C. 1473, to due process of law as a

5              direct result of the prosecution[']s deliberate, willful introduction of
       false evidence at petitioner[']s June 9, 2014 preliminary hearing, and

6              the erroneous suppression of patently exculpatory evidence.

7      Docket No. 25-11 at 68.  The ground raised to the California Supreme Court makes no mention of

8      a conspiracy between the prosecution and defense counsel to elicit false testimony, nor does it

9      make arguments about false testimony being used at trial.  *See id.*; *see also* Screening Order at 2.

10           As noted above, Mr. Nelson does not point to any place in the petition to the California

11     Supreme Court which exhausted Claim 4(c).  The Court therefore concludes this claim is unexhausted.

12           Mr. Nelson argues that Claim 7(c) was exhausted by ground 23 in his petition to the

13     California Supreme Court.  *See* Recon Mot. at 43 (arguing that federal Claim 7(c) was exhausted

14     in state ground 23).  The ground raised to the California Supreme Court argues that counsel was

15     ineffective at sentencing.  *See* Docket 25-11 at 20.  It does not argue that counsel was ineffective

16     at the stage of moving for a new trial.  *See id.*; *see also* Screening Order at 2-3.

17           Because Mr. Nelson plainly has included unexhausted claims in his federal habeas petition,

18     the Court's **DENIES** the motion for reconsideration as to Claims 1d, 2, 4(c), and 7(c).

19                     **IV.     MR. NELSON MUST MAKE AN ELECTION**

20           At several points in his motion for reconsideration, Mr. Nelson suggests that he would like

21     to be granted a *Rhines* stay so that he may exhaust his unexhausted claims.  *See* Recon Mot. at 1,

22     44-47; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (allowing a court to stay a so-called

23     "mixed petition" of exhausted and unexhausted claims, so that a petitioner may return to state

24     court to fully exhaust).  However, he also states that he would like this stay "[i]f, and only if, [he

25     is] left with no other choice."  Recon Mot. at 44.  Moreover, in the conclusion of his motion for

26     reconsideration, Mr. Nelson argues that "this Court should dispense with requiring me to return to

27     State Court to redundantly exhaust claims" because "[r]equiring me to return to State Court under

28     the guise of exhausting the Claims at issue will only serve to []vex, harass, and to increase the

1    genuine risk's of impairing my ability altogather to to achieve resolution of my Constitutional

2    claims in federal Court." *Id*. at 48 (errors in original).

3            As the Court explained in its prior order, Mr. Nelson has more than one choice; he has

4    three. *See* Docket No. 38 at 15-16.  He may choose whether he wants to –

5            (1) dismiss the unexhausted claims and go forward in this action with only the exhausted

6    claims, or

7            (2) dismiss this action and return to state court to exhaust all claims before filing a new

8    federal petition presenting all of his claims, or

9            (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims

10   in the California Supreme Court.

11           Thus, if Mr. Nelson wishes to avoid any delay that may result from a return to state court,

12   he may select option 1 and dismiss the unexhausted claims.

13           Because it appears that Mr. Nelson misunderstood the options presented, the Court will

14   allow Mr. Nelson an additional opportunity to elect how to proceed.  The Court advises Mr.

15   Nelson that his election should be **brief and unambiguous**.

### V.        CONCLUSION

17           Mr. Nelsons motion for reconsideration is **GRANTED** as to Claims 4(a), (b), (d)-(f), 6, and

18   8.  The motion for reconsideration is **DENIED** as to Claims 1d, 2, 4(c), and 7(c).

19           No later than **November 14, 2022**, Mr. Nelson must file a notice in which he states

20   whether he chooses to

21           (1) dismiss this action and return to state court to exhaust all of his claims before returning

22   to federal court to present all of his claims in a new petition, or

23           (2) dismiss the unexhausted claims and go forward in this action with only Claims 1a-1c,

24   3, 4(a), (b), (d)-(f), 6, 7a-7b, and 8-10, or

25           (3) move for a stay of these proceedings while he exhausts his state court remedies for the

26   unexhausted claims.

27           If Mr. Nelson chooses Option (1) or Option (2), his filing need not be a long document; it

28   is sufficient if he files a one-page document entitled "Notice of Choice By Petitioner" and states

United States District Court
Northern District of California

1   simply: "Petitioner chooses to proceed under option ___ provided in the Order Of Partial

2   Dismissal And Requiring Choice By Petitioner." Mr. Nelson would have to insert a number in

3   place of the blank space to indicate which of the first two options he chooses.  Alternatively, Mr.

4   Nelson may circle his choice on this page, sign next to that choice, and return this page to the

5   Court.

6          If Mr. Nelson chooses Option (3), then no later than **November 14, 2022**, Mr. Nelson must

7   file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in

8   state court before presenting them to this Court, that his claims are not meritless, and that he is not

9   intentionally delaying resolution of his constitutional claims.

10          If Mr. Nelson does not choose one of the three options by the deadline, the Court will

11   assume that Mr. Nelson has elected option (2) and will dismiss this action so that Mr. Nelson may

12   exhaust his claims in state court.  No additional motions for reconsideration by Mr. Nelson will be

13   considered.

14          This order disposes of Docket No. 41.

15

16          **IT IS SO ORDERED**.

17

18   Dated: September 30, 2022

19

20   _____

21          EDWARD M. CHEN
           United States District Judge

22

23

24

25

26

27

28

12

United States District Court
Northern District of California