UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LLOYD NELSON,<br>            Plaintiff,<br>    v.<br>J. M. ROBERTSON,<br>            Defendant. | Case No. 19-cv-08057-EMC<br><br>**ORDER TO STAY AND ADMINISTRATIVELY CLOSE THE ACTION**<br><br>Docket No. 47 |

Petitioner William Lloyd Nelson filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction for attempted murder of a peace officer. Docket No. 1. The Court dismissed the original 375-page petition with leave to amend. Docket No. 9. Mr. Nelson both moved for reconsideration and filed an 80-page amended petition. The Court denied Mr. Nelson's motion for reconsideration, screened the amended petition, and ordered Respondent to address the amended petition. Docket No. 16.

Mr. Nelson then appealed the dismissal of his original petition to the Ninth Circuit, Docket No. 18, which appeal was dismissed, Docket No. 24. Mr. Nelson filed various discovery motions, which the Court denied. Docket No. 35. Mr. Nelson moved for reconsideration of that denial, and the Court denied his reconsideration motion.

Respondent moved to dismiss the amended petition, arguing it was a mixed petition containing unexhausted claims. The Court granted the dismissal motion in part and denied it in part, and ordered Mr. Nelson to elect how to proceed as to his unexhausted claims. Docket No. 38. Mr. Nelson moved for reconsideration of the partial grant of the dismissal motion. The Court granted the reconsideration motion in part, and again ordered Mr. Nelson to elect how to proceed

as to his unexhausted claims. Docket No. 46.

Mr. Nelson now moves for a stay of these proceedings so that he may exhaust state court remedies for his unexhausted claims before, if necessary, presenting them in his federal habeas action. Docket No. 47. Respondent opposes this motion. Docket No. 48. For the reasons stated below, Mr. Nelson's motion is **GRANTED**.

A stay under *Rhines v. Weber*, 544 U.S. 269 (2005), "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78.

When his motion is liberally construed, Mr. Nelson has met the criteria for a stay under *Rhines*. At least some of the claims in the amended petition are not patently meritless, and Mr. Nelson's vigorous litigation of this action suggests the delay was unintentional. Respondent argues that Mr. Nelson has failed to fulfill *Rhines*'s good cause element. Docket No. 48 at 4-5, However, Mr. Nelson purports to have newly discovered evidence which was not put before a California court. *See* Docket No. 47 at 7; *see also* Docket No. 48 at 5 (referring to Mr. Nelson's claim of having new evidence). Courts, including this one, previously have found that good cause exists where an unexhausted claim is based on a change in law or newly discovered evidence. *See Tully v. Davis*, No. 18-CV-04763-EMC, 2020 WL 264667, at *2 (N.D. Cal. Jan. 16, 2020) (concluding that petitioner demonstrated good cause where petitioner's unexhausted claims were based upon "new evidence" or "new law").[1]

For these reasons, Mr. Nelson's motion for a *Rhines* stay is **GRANTED**. Docket No. 47. Mr. Nelson is cautioned that he must act diligently to pursue his habeas petition in the state courts

---

[1] *See also Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011) (remanding action to district court "with instructions that it stay and abey the habeas proceedings" to allow petitioner to exhaust claims based on new evidence); *Hernandez-Delgado v. Atchley*, No. 20-CV-08108-LHK, 2021 WL 3602319, at *4 (N.D. Cal. Aug. 13, 2021) (granting *Rhines* stay where petitioner had failed to exhaust a claim based on new law and new evidence); *Leonardos v. Buddress*, No. 06-CV-07769-JSW, 2007 WL 1174825, at *3 (N.D. Cal. Apr. 19, 2007) (concluding that "newly discovered evidence weighs in favor of finding good cause"); *Lugo v. Kirkland*, No. 05-cv-00580-JF, 2006 WL 449130 at *4 (N.D. Cal. Feb. 3, 2006) (finding good cause based in part on new evidence that was only uncovered once new counsel commenced his investigation).

and must promptly return to federal court after his state court proceedings conclude. *See Rhines*, 544 U.S. at 277-78.

This action is now **STAYED,** and the Clerk shall **ADMINISTRATIVELY CLOSE** the action. Nothing further will take place in this action until Mr. Nelson exhausts his unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the stay, and proceed with consideration of his petition for writ of habeas corpus.

This order disposes of Docket No. 47.

**IT IS SO ORDERED**.

Dated: March 9, 2023

_____
EDWARD M. CHEN
United States District Judge